■ FALCHOOK MARKETS, INC., et al., Appellants-Respondents, v WARNER RECIPROCAL INSURERS et al., Respondents-Appellants.—Order, Supreme Court, New York County, entered January 9, 1976, denying plaintiffs' motion to dismiss the defendants' affirmative defenses and counterclaims and for summary judgment in plaintiffs' favor and denying the cross motion by defendants Warner Reciprocal Insurers and Lansing B. Warner, Inc., Agent for summary judgment, unanimously modified, on the law, without costs and without disbursements to the extent of granting plaintiffs' motion to dismiss the specified affirmative defenses and counterclaims in the answer of defendants Warner Reciprocal Insurers and Lansing B. Warner, Inc., Agent and the third, fourth and fifth affirmative defenses in the answer of defendant Taaffe & Travers Associates, Inc. insofar as plaintiff Falchook Markets, Inc. is concerned and summary judgment granted in favor of Falchook Markets, Inc. against Warner Reciprocal Insurers and Lansing B. Warner, Inc., Agent for the face amount of the policy; and summary judgment granted in favor of Taaffe & Travers Associates, Inc. dismissing the complaint; and in favor of Warner Reciprocal Insurers and Lansing B. Warner, Inc., Agent dismissing the cause of action asserted by plaintiff Island State Bank in the complaint; and as so modified, the order is affirmed. This is an action on a fire insurance policy issued by defendants Warner Reciprocal Insurers and Lansing B. Warner, Inc., Agent ("Warners") to plaintiff Falchook Markets, Inc. ("Falchook"), owner and occupant of a supermarket in Islip, Long Island, through defendant Taaffe & Travers Associates, Inc. ("Taaffe"), an insurance broker. The original of the policy was delivered to plaintiff Island State Bank ("Island State"), the mortgagee named in the policy. Apparently because of confusion in the mortgagee

bank resulting from the placement of insurance with Liberty Mutual on Falchook's adjoining parcel, the bank returned the original policy to Taaffe requesting cancellation under the misapprehension that the coverage had been replaced with the Liberty Mutual policy. The insurance broker, Taafee, forwarded the original policy to Warners, requesting cancellation for the reason asserted by the bank. The premises were destroyed by fire on October 4, 1972, and Falchook, the fee owner, for the first time, immediately thereafter, learned that the policy had been returned for cancellation. On this record it is clear that Taafee was not the fee owner's general broker and did not have general authority to cancel the insurance with respect to the fee owner's interest. It is beyond cavil that the fee owner had vested interests to be protected by the insurance coverage—under section 254 of the Real Property Law the fee owner could demand from the mortgagee in receipt of fire insurance proceeds that they be paid over after repair of the damage or credited to the mortgage loan thereby diminishing the fee owner's personal liability on the mortgage bond. A party who opposes summary judgment must reveal his proofs in order to show that matters set up in his answer are real and can be established upon a trial (Di Sabato v Soffes, 9 AD2d 297). Applying this salutary observation to the circumstances disclosed by the instant record, it must be concluded that the fee owner's disclaimer of receipt of any notice prior to the fire that the mortgagee had attempted to cancel the policy is uncontroverted. Accordingly, at the time of the loss, the insurer was liable to the fee owner in the face amount of the policy. Finally, the agreement entered into by Falchook and Island State, the mortgagee, subsequent to the fire loss and Island State's apparent error, was carefully designed to preserve the fee owner's claim against the insurer and the broker while giving the fee owner justifiable relief from the mortgagee bank for its error in tendering the policy for cancellation. This agreement in no way affords Warners, the insurer, consolation or relief in its effort to avoid liability under the policy to the fee owner, Falchook. Under the circumstances disclosed by this record, the action by the mortgagee bank Island State in presenting the original policy for cancellation had as a consequence the effective cancellation of the mortgagee's interest in the policy insofar as the insurer is concerned. Further, in light of the fact that the insurer remained liable under the policy to the fee owner, there is no basis for the alternative claim asserted by the fee owner against the broker. Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.